IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JANELLE K MULLIS,

    Plaintiff,

v.

KINETIX HEALTH CLUB,

    Defendant.

Civil Action No. 7:15-CV-131 (HL)

### ORDER

The Court entered an Order to Show Cause on February 3, 2016, directing Plaintiff to show good cause why this case should not be dismissed for failure to effect service on Defendant within 120 days of filing the Complaint. (Doc. 5). On February 22, 2016, counsel for Plaintiff filed a response to this Court's Order, acknowledging that Defendant was not properly served within the time provided by the rule, and admitting that there was no explanation that would constitute good cause. (Doc. 6). Despite this, counsel for Plaintiff asked the Court to allow an additional thirty day window in which to effect service. (Doc. 6).

A plaintiff is responsible for serving a defendant within 120 days of filing the complaint.[1]  Fed. R. Civ. P. 4(m).  If the plaintiff fails to properly serve the defendant within 120 days, "the court – on motion or on its own after notice to the

---

[1] A recent amendment to this rule shortened the 120-day period for service to only 90 days; however, this amendment went into effect on December 1, 2015, and thus does not apply here.  See Fed. R. Civ. P. 4(m), Advisory Committee Note, 2015 Amendment.

plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.  Absent a showing of good cause, the district court has the discretion to extend the time for service under certain limited circumstances.  Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1282 (11th Cir. 2007) (internal citation omitted).  The Advisory Notes to the Rule explain that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ."  Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendment.

    Here, a dismissal without prejudice of Plaintiff's Complaint would bar her ability to pursue her claims.  Plaintiff's cause of action for unlawful discrimination arises under 42 U.S.C. § 2000e and 42 U.S.C. § 1981a. (Doc. 1).  An individual alleging unlawful discrimination must meet certain conditions precedent before filing suit.  One condition requires the aggrieved party to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  42 U.S.C. § 2000e-5(b).  If the aggrieved party receives notice from the EEOC that it will not pursue the allegations, she has ninety days from receipt of the EEOC's notice in which to bring her own civil action.  Id. at § 2000e-5(f)(1).  The ninety-day window in which Plaintiff could file suit has closed in the time since the

Complaint was filed. A dismissal without prejudice would bar Plaintiff from refiling her claims.

Accordingly, the Court finds that relief is justified under the circumstances. The Court will allow Plaintiff thirty days from the filing of this Order to effect service upon Defendant. No further extensions will be granted.

**SO ORDERED**, this the 1st day of March, 2016.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les